**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

FRANK L. MCCALL, JR.                     CIVIL ACTION NO. 05-991

VERSUS                                   JUDGE S. MAURICE HICKS, JR.

UNITED STATES DEPARTMENT                 MAGISTRATE JUDGE HORNSBY
OF JUSTICE, ET AL.

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment (Record Document 4) filed by the United States of America ("USA"). Plaintiff, Frank L. McCall ("McCall"), has sued the United States Department of Justice, the Federal Bureau of Investigation, M.B. Kinder, and Jim McCrery (hereinafter collectively referred to as "Defendants") for alleged constitutional violations. The USA moves for summary judgment dismissing all of McCall's claims. For the reasons which follow, the Court finds that there are no genuine issues as to any fact material to the motion for summary judgment. Accordingly, the USA is entitled to judgment as a matter of law.

**I. BACKGROUND**

On May 11, 2005, McCall filed a petition for damages in the Twenty-Sixth Judicial District Court, Parish of Bossier, alleging that the Defendants knew, by way of letters, that his civil rights were violated in their jurisdiction in 1989 in a criminal matter in state court. See Record Document 1. Specifically, McCall alleges that his civil rights were violated because he was represented by "an unlicensed member of the Louisiana State Bar Association . . . who was appointed" to represent him in a criminal matter in state court; because of the sentence imposed by the trial judge and jury; and because he was denied

the right to a direct appeal. Id.

On June 8, 2005, the USA filed a notice of removal. See Record Document 2. A removal order was entered on June 16, 2005. See Record Documents 3. Thus, this matter is now properly before this Court.

On July 21, 2005, the USA filed a motion for summary judgment on the grounds that McCall's claims of constitutional violations are time barred. See Record Document 4. McCall opposes the USA's motion. See Record Documents 13 & 15.

## II. LAW AND ANALYSIS

**A.   Summary Judgment Standard.**

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); New York Life Ins. Co. v. Travelers Ins. Co., 92 F.3d 336, 338 (5th Cir. 1996). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); see also Gunaca v. Texas, 65 F.3d 467, 469 (5th Cir. 1995). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Celotex, 477 U.S. at 323-25, 106 S. Ct. at 2552). If the

moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Little, 37 F.3d at 1075.

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Wallace v. Texas Tech Univ., 80 F.3d 1042, 1046-47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. Little, 37 F.3d at 1075; Wallace, 80 F.3d at 1047. Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Wallace, 80 F.3d at 1048 (quoting Little, 37 F.3d at 1075); see also, S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." McCallum Highlands v. Washington Capital Dus, Inc., 66 F.3d 89, 92 (5th Cir. 1995), as revised on denial of rehearing, 70 F.3d 26 (5th Cir. 1995). Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-51, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). When the nonmovant has the burden of proof at trial, he "must come forward with evidence which would be sufficient to enable it to survive a motion for directed verdict at trial." Stults v. Conoco, Inc., 76 F.3d 651, 656 (5th Cir. 1996). If the nonmovant can not meet this burden, then "the motion for summary judgment must be granted." Id.

With these principles in mind, we now turn to a review of the claims at issue.

**B.    Characterization of Plaintiff's Claims.**

In a somewhat vague complaint, McCall alleges that Defendants violated his constitutional rights, namely his civil rights and rights under the equal protection clause, because they "knew by way of letters . . . that the Plaintiff's civil rights were violated in their jurisdiction in (1989)." Record Document 1. The USA has construed these claims as an action under 42 U.S.C. § 1983 and argues that such claims are time barred under applicable law and jurisprudence.

The Court finds that this is not an action pursuant to 42 U.S.C. § 1983; rather, because McCall is suing federal actors, not state officials, this is a "<u>Bivens</u>" action.[1] However, as set forth more fully in section II(D) of this Memorandum Ruling, such distinction does not impact the legal effectiveness of the USA's motion for summary judgment because the same prescriptive period applies to both a section 1983 action and a "<u>Bivens</u>" action.[2]

---

[1]"A <u>Bivens</u> action is analogous to an action under § 1983 - the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials." <u>Evans v. Ball</u>, 168 F.3d 856, 863 n. 10, abrogated on other grounds by <u>Castellano v. Fragozo</u>, 352 F.3d 939 (5 Cir. 2003); <u>see also</u> <u>Abate v. Southern Pac. Transp. Co.</u>, 993 F.2d 107, 110 n. 14 (5th Cir.1993) ("<u>Bivens</u> is the federal counterpart of §1983 [and] ⋯ extends the protections afforded by § 1983 to parties injured by federal actors not liable under § 1983").

[2]McCall also contends that the USA's motion should fail because "he is not filing an (1983) . . . but a petition for damages tort-claim." Record Document 15, ¶ 5. Thus, it appears that McCall is attempting to assert his claims of constitutional violations under the Federal Tort Claims Act ("FTCA"). However, this argument is unsuccessful as the Fifth Circuit has stated that "suits for violation of federal constitutional rights, even though tortious in nature, are not within the scope of the FTCA." <u>Sanchez v. Rowe</u>, 870 F.2d 291, 295 (5th Cir. 1989). Simply put, the "'law of the place' referred to in the FTCA does not include federal constitutional torts." <u>Id.</u> Hence, McCall's attempt to defeat the USA's motion for summary judgment fails.

**C. Plaintiff's Claims Against the United States Department of Justice and the Federal Bureau of Investigation are Barred by the Doctrine of Sovereign Immunity.**

McCall may bring a Bivens action against individual federal officials for alleged constitutional violations. However, he may not bring an action against the United States Department of Justice or the Federal Bureau of Investigation in their official capacities as such claims are barred by the doctrine of sovereign immunity. See Gibson v. Federal Bureau of Prisons, 121 Fed.Appx. 549, 551 (5th Cir. 2004); see also Perez v. Region 20 Educ. Serv. Ctr., 307 F.3d 318, 333 n8 (5th Cir. 2002) (stating that the issue of sovereign immunity may be raised *sua sponte* as it bears on the court's subject matter jurisdiction). Accordingly, all claims against the United States Department of Justice and the Federal Bureau of Investigation are dismissed.

**D. Plaintiff's Claims Against Jim McCrery and M.B. Kinder Are Time Barred.**

There is no federal statute of limitations. See Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993). Therefore, the forum state's statute of limitations for general personal injuries is used in Bivens claims. See id. In Alford v. United States of America, 693 F.3d 498, 499 (5th Cir. 1982), the Fifth Circuit affirmed a district court's application of Louisiana's one-year prescriptive period to a Bivens-type action.[3] See also United Klans of America v. McGovern, 621 F.2d 152 (5th Cir. 1980). Despite the application of Louisiana's one-year prescriptive period, federal law is used to determine when a cause of action accrues. See id. at 257. Under federal law, "a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Brown

---

[3]The Alford court cited Louisiana Civil Code Article 3536. The current Louisiana Civil Code Article applicable to this case is Article 3492.

v. Nationsbank Corp., et al., 188 F.3d 579, 589-90 (5th Cir. 1999). "The plaintiff's knowledge of the injury depends on two elements: (1) the existence of the injury; and (2) the connection between the injury and the defendant's actions." Id. at 590.

As applied to the instant case, McCall claims that Defendants "violated his civil/and constitutional rights in their jurisdiction "western jurisdiction" in Caddo Parish, City of Shreveport Louisiana in (1989)." Record Document 15, ¶ 3. Thus, McCall alleges that the alleged constitutional violation occurred in 1989, more than 15 years ago. Based on this time frame alone, an argument that McCall did not know or had no reason to know of his injuries before he filed suit on May 11, 2005 is not persuasive to this Court. Further, there is record evidence that establishes that McCall believed as early as January 28, 2000 that his constitutional rights were "generally" violated in relation to the 1989 criminal proceeding. McCall attached a letter, dated February 14, 2000, from the Office of the Disciplinary Counsel to his "Motion To Clarify Records." See Record Document 15. The letter references correspondence of January 28, 2000 that McCall mailed to the Office of the Disciplinary Counsel. See id. This letter evidences that McCall was aware of his alleged injuries as early as 2000, but failed to file suit until May 11, 2005. Based on this evidence, the Court finds that McCall knew of his alleged injuries no later than January 28, 2000.

In opposing the USA's motion, McCall seems to argue that "his claims for damages for official misconduct are not barred" because his "letters are dated in 2004." Record Document 13 at 2. Such a conclusory allegation, without more, fails to meet the requirements of Rule 56(c). See Little, 37 F.3d at 1075; Wallace, 80 F.3d at 1047 (stating that the nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence).

Nothwithstanding, there is evidence in the record indicating that McCall knew of a supposed connection between his alleged injuries and the actions of the Defendants over a year before he filed suit. For instance, McCall attached a letter, dated January 13, 2004, from Congressman Jim McCrery to his complaint. In the letter, McCrery states:

> Although I would like to help you, I regret that your problem does not fall within my jurisdiction as a United States Representative. However, it is my suggestion that you consult with another attorney to determine what legal options may be available to you.

Record Document 1, Exhibit. This letter evidences that McCall apparently made some sort of connection between his alleged injuries and the actions of federal officials no later than January 13, 2004. Under this reasoning, McCall's cause of action accrued no later than January 13, 2004 and, because McCall did not file the instant suit until almost 14 months later, his claims against the federal officials Jim McCrery and M.B. Kinder are time barred.[4]

---

[4] The Court does acknowledge that McCall also attached a letter, dated June 29, 2004, from M.B. Kinder, Supervisory Senior Resident Agent, United States Department of Justice, Federal Bureau of Investigation to his complaint. The letter references correspondence that McCall's sister sent to the FBI. While June 29, 2004, appears to be within the one year prescriptive period, this Court is convinced by other competent summary judgment evidence that Plaintiff knew of his alleged injuries and their supposed connection to defendant federal officials long before June 29, 2004. Further, the Court doubts the merits of McCall's Bivens claim against M.B. Kinder, as there is no doctrine of respondeat superior in a Bivens action. See Cronn v. Buffington, et al., 150 F.3d 538, 544 (5th Cir. 1998). The Fifth Circuit has held that a supervisory federal official named in a Bivens suit may be held liable only upon two bases: (1) personal involvement in the acts causing the deprivation of a person's constitutional rights; or (2) implementation of a policy so deficient that the policy itself acts as a deprivation of constitutional rights. See id. McCall has failed to state facts indicating, and the record fails to reveal, such a degree of personal on the part of M.B. Kinder or the existence of such a policy.

## III. CONCLUSION

Based on the foregoing, the Court finds that the Plaintiff, Frank L. McCall, has failed to provide sufficient evidence to survive summary judgment. There are no genuine issues of any material fact. Summary judgment in favor of the United States is proper as a matter of fact and law. All of Plaintiff Frank L. McCall's shall be dismissed with prejudice.

Accordingly;

**IT IS ORDERED** that the Motion for Summary Judgment filed by the United States of America (Record Document 4) be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that all of Plaintiff Frank L. McCall's claims be and are hereby **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 11th day of January, 2006.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE